MINSTER v GUCKENBERGER, etc. et

ROLLMAN v GUCKENBERGER, etc. et
(Two cases)

### TROUNSTINE v GUCKENBERGER, etc. et

Ohio Appeals, 1st Dist, Hamilton Co

Nos. 6028, 6029, 6030 and 6031.
Decided Jan 12, 1942

Paxton & Seasongood, Cincinnati, for Leonard R. Minster, Hattie M. Rollman, Justin A. Rollman, and Stella R. Trounstine.

Prosecuting Attorney of Hamilton County, for George Guckenberger, auditor of Hamilton County.

Thomas J. Herbert, Attorney General, Columbus, and Aubrey A. Wendt, Assistant Attorney General, Columbus, for William S. Evatt, Tax Commissioner.

## OPINION

By ROSS, J.

These are appeals from the Court of Common Pleas of Hamilton County, wherein that court rendered a judgment in each case in favor of the taxpayer and against the taxing authorities.

Briefly stated the facts common to all of the actions are that the taxpayers in making their returns for the year 1934, covering personal property pursuant to the provisions of §5372-2 GC, adopted for such purpose what is commonly styled "Federal Income Tax Election Summary", setting forth a summary of the income from his investments producing income during the preceding year. However, the taxpayer in each case deducted from the total aggregate of such federal income summary an amount, received by the taxpayer from a corporation in which each taxpayer was a stockholder, equal to a distribution from its paid surplus existing at the time of its incorporation. It is admitted by the taxing authorities that had the return been made upon the alternative form under §§5388, 5389 GC, that the sum deducted would not have been taxable. **Donkel v Evatt, Tax Commr., et, 138 Oh St 76.**

It is the contention of the taxpayers that under the provisions of §5372-2 GC, it is the duty of the Tax Commission to correct the return of the taxpayer if non-taxable property is included in any return and that, hence, even though the federal return includes amounts not properly taxable under Ohio law, such amounts should be ex-

cluded from taxation by the Tax Commission.

We find it unnecessary to discuss at length the various arguments advanced in support of these claims. It is our conclusion that the case of **Deeds v Evatt, Tax Commr., 138 Oh. St 567**, is entirely dispositive of the legal issues presented. The last paragraph of the syllabus of that case is:

"The method of assessment under §5372-2 GC, is in lieu of the method of assessment provided in §§5388 and 5389 GC."

It appears from the statement of facts herein presented that the taxpayers seek to take advantage of benefits offered by each of the alternative methods provided by the legislature for making returns of personal property for taxation. The legislature might well have provided for such a third alternative. It only provided for two, they are **alternative**, and in "lieu" of each other. The taxpayers, having elected to proceed under §5372-2 **GC,** may not for their benefit cross over and secure such benefits as may be enjoyed under the provisions of §§5388 and 5389 GC.

It should, in fairness to the trial court, be noted that the opinion in Deeds v Evatt, supra, was not available to the trial court, having been announced after its able consideration of the issues presented.

The judgment in each case is reversed, and the facts not being in dispute, judgment is here rendered in each case in favor of the Tax Commission, appellant in all cases.

MATTHEWS, PJ. and HAMILTON, J., concur.